WILLIAM M. SHERWOOD, Respondent, v. TJARK J. HOUTMAN, Appellant.

*Contract to lay a stable floor — water tightness of the floor of the essence thereof — verdict contrary to the evidence.*

A contract made in writing between two persons required a stable floor, which was to be erected by one of them, to be water tight. The ground floor was to be used as a repository for carriages, and it was necessary that the floor above should be absolutely water tight.

It was conclusively shown, upon the trial of an action brought to recover the unpaid balance alleged to be due on such contract, that the floor was not water tight.

*Held,* that the plaintiff failed in the essential part of his contract, and that a verdict in his favor was contrary to the evidence.

APPEAL by the defendant, Tjark J. Houtman, from a judgment of the County Court of Kings county in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of September, 1892, upon the verdict of a jury for $200, and also from an order entered in said clerk's office on the 21st day of September, 1892, denying the defendant's motion for a new trial made upon the minutes.

*Thos. E. Stewart,* for the appellant.

*Arthur Hurst,* for the respondent.

PRATT, J. :

The contract was in writing and required the stable floor to be water tight. As the ground floor was to be used as a repository for carriages, it was clearly necessary that the floor above should be absolutely tight or the business could not be carried on. Both parties contracted upon that principle.

There is no substantial conflict of evidence as to the fact that the contract was not so completed. It is true that plaintiff and some of his witnesses testify in general terms that he completed the floor so as to be water tight. But that is, from the nature of the case, only matter of opinion. They so completed it that they expected it to be water tight. But the proof is conclusive that the floor was not water tight, and the evidence sufficiently shows that the floor was built upon a wrong principle and required to be relaid before it could be tight.

The plaintiff failed in the essential part of his contract, and the verdict in his favor was contrary to the evidence.

The judgment and order denying a new trial must be reversed and a new trial granted, with costs to abide the event.

DYKMAN, J., concurred.

Judgment and order denying new trial reversed and a new trial granted, costs to abide event.